FILED

2010 DEC 21   AM 10: 48

US DISTRICT COURT
LE DISTRICT OF F
ANDO FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

FRANK NEWTON ANDERSON

CASE NO.   6:10-cr-326-ORL-18-MJK
18 U.S.C. § 32(a)(5) & (a)(8)
18 U.S.C. § 981(a)(1)(C) - Forfeiture
28 U.S.C. § 2461(c) - Forfeiture

## INFORMATION

The United States Attorney charges:

### COUNT ONE

On or about April 13, 2010, in Orange County, Florida, in the Middle District of Florida,

**FRANK NEWTON ANDERSON**

the defendant herein, with a reckless disregard for the safety of human life, did knowingly and willfully interfere with and disable, and did knowingly and willfully attempt to interfere with and disable, an individual engaged in the authorized operation of an Orange County Sheriff's Office Bell helicopter, model 407, registration number N407LM, which aircraft was in the special aircraft jurisdiction of the United States, as defined under Title 49, United States Code, Section 46501(2), and was a civil aircraft used, operated and employed in interstate commerce.

All in violation of Title 18, United States Code, Sections 32(a)(5) and (a)(8) and Title 18, United States Code, Section 2.

## FORFEITURES

1. The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. From his engagement in the violations alleged in Count One of this Information, punishable by imprisonment for more than one year, the defendant

## FRANK NEWTON ANDERSON

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of his interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c).

                                         ROBERT E. O'NEILL
                                         United States Attorney

By: _____
       Daniel W. Eckhart
       Assistant United States Attorney

By: _____
       Roger B. Handberg
       Assistant United States Attorney
       Chief, Orlando Division